# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

BRIDGET TOOMEY, Administratrix, Appellant, v. ALEX-ANDER S. TURNER and others, Respondents.

*Negligence — what contributory negligence on the part of the plaintiff will bar his action.*

APPEAL from a judgment in favor of the defendants entered upon a nonsuit directed at the Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

This action was brought for the alleged negligent killing of plaintiff's intestate. The deceased was employed by the defendants in and about their coal and lumber yard. Going in between two coal cars standing on a switch in the yard he was crushed and killed by the moving of the two cars together, caused by pushing a lumber car against one of them. The lumber car was moved upon the track by order of one of the defendants for their convenience. The deceased was between the cars for the purpose of urinating. The evidence further showed that he went there after the lumber car had been started, and that, if he had looked, he could have seen they were pushing it towards him. The evidence also showed that he was notified to help move the car, and promised to do so as soon as the others got there. That, if he had paid any attention to what was going on, he would have heard the noise made in getting the car started and in moving it towards him. He had been warned on three several occasions not to go between the cars for he would be liable to get hurt by so doing. The plaintiff was nonsuited on a motion made upon two grounds, first, the absence of negligence on the part of defendants, and, secondly, contributory negligence on the part of intestate.

The court at General Term said : " The case of *Van Schaick, Executor,* v. *Hudson River Railroad* (43 N. Y., 527) is so strictly analogous to the one under review that we must be governed by it. The circumstances in their legal effect were identical. In each case the persons killed were lawfully on the premises, knew of the sources of danger, and recklessly exposed themselves to injury by imprudently going between cars standing upon the track for a personal necessity. In each case the negligence resulted in death. Both were persons of mature years, conscious if not forewarned of the great danger, familiar with the locality, and knowing the liability of cars to be moved upon the track. Both, for a personal purpose, left places of safety and carelessly put themselves where harm came to them. On such facts, it was held in *Van Schaick* v. *Hudson River Railroad* (*supra*) as a question of law, that the deceased was guilty of contributory negligence, and the plaintiff should have been nonsuited.

The case cited has been followed by this court in *O'Mara* v. *Delaware and Hudson Canal Co.* (18 Hun, 192), upon facts showing a similar act of negligence in passing between cars standing upon a track at a highway crossing.

Without attempting to distinguish between these cases and those cited by the appellant, we feel that they are controlling upon us.

The judgment and order must therefore be affirmed, with costs.

*Jacob Schwartz,* for the appellant.

*E. B. Youmans,* for the respondent.

Opinion by BOARDMAN, J. ; LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed. with costs.